STATE OF NORTH CAROLINA v. GILBERT M. ROTH

No. 8726SC1017

(Filed 5 April 1988)

**1. False Pretense § 3.2— improper instruction on "representation"**

In a prosecution for attempting to obtain property by false pretense by boarding an airplane using another person's flight coupon after it had expired, the trial court's characterization of the other person's name on the coupon as a "representation" in the jury instructions may have misled the jury and was prejudicial error since the question before the jury was whether the tendering of the coupon bearing another person's name and a revalidation sticker was a representation that the coupon was valid.

**2. Criminal Law § 34.6— other crimes — competency to show intent**

In a prosecution for attempting to obtain property by false pretense by boarding an airplane using another person's flight coupon after it had expired, an FBI agent's testimony concerning flight coupons, boarding passes and revalidation stickers discovered in a search of defendant's home and schemes defendant engaged in involving the airline industry was admissible to show defendant's intent to deceive. N.C.G.S. § 8C-1, Rule 404(b).

APPEAL by defendant from *Owens, Judge.* Judgment entered 10 June 1987 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 9 March 1988.

Defendant was charged in a proper bill of indictment with attempting to obtain property by false pretense in violation of G.S. 14-100.

Evidence presented at trial tended to show the following facts. On 26 April 1986, defendant went to the Douglas Municipal Airport in Charlotte, North Carolina and awaited the call for the boarding of Delta Airlines flight 267 to Atlanta. When the flight was called for boarding, defendant proceeded to the gate, presented a flight coupon (ticket) to the attendant and boarded the airplane.

Robert Crider, a Delta employee, recognized defendant and noticed that the flight coupon defendant had used was not in defendant's name. The coupon was in the name of Ms. K. McKenna and had been issued on 6 April 1984 by Eastern Airlines. It bore a Delta revalidation sticker for the Delta flight 267. The boarding pass attached to the coupon was also in the name of Ms. K. McKenna. Crider contacted James Yates, another Delta employee,

who then contacted an airport security officer. Yates and the officer boarded the airplane, located defendant and asked him to step out of the airplane. Defendant asserted at that point that the McKenna ticket wasn't his ticket and that there had been a mistake. Despite defendant's claims, he then purchased a ticket and was permitted to fly to Atlanta.

Both Crider and Yates testified that revalidation stickers could not extend the life of a flight coupon beyond one year and that the McKenna coupon had no value. They also testified that it was against corporate policy to transfer flight coupons except under special circumstances. Yates further testified that no one in authority with Delta had given defendant permission to use the coupon he used. On cross-examination, however, Yates stated that there had been instances when Delta employees violated corporate policy and revalidated flight coupons to extend their life beyond one year and transferred flight coupons from one passenger to another.

Defendant presented evidence that people often fly under a name other than that which appears on the flight coupon and that flight coupons are in fact revalidated to extend their life beyond one year.

Stanley Borgia, an F.B.I. agent, testified that he executed a search of defendant's home on 12 December 1984 and seized over 100 flight coupons and boarding passes, none of which were in defendant's name, approximately 6,600 revalidation stickers, some of which were counterfeit, and documents indicating that defendant had opened over 400 "frequent flyer" accounts under fictitious names. The agent further testified about an interview he had with defendant in which defendant explained the "frequent flyer scheme" and another "scheme" in which defendant removed high priced coupons from a coupon book and replaced them with less expensive coupons before seeking a refund for the original coupon book.

The jury found defendant guilty of attempting to obtain property by false pretenses, and defendant was sentenced to a three-year term of imprisonment. From the judgment of the trial court, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Richard H. Carlton, for the State.*

*Michael S. Scofield for defendant appellant.*

ARNOLD, Judge.

[1] Defendant first contends that the trial court erred in charging the jury. We agree.

The court charged the jury as follows:

Members of the jury, the defendant has been accused of attempting to obtain property by false pretenses. In order for you to find the defendant guilty of attempting to obtain property by false pretenses, the State must prove four things beyond a reasonable doubt:

First, that on or about the 28th day of April of 1986 the defendant presented one Eastern Airlines, Inc. flight coupon, number 100772641430360, issued on April the 6th, 1984, with the name of the passenger listed as Ms. K. McKenna, to a representative of Delta Airlines, Inc., and by making that representation—strike that, Madam Reporter—and by making that presentation the defendant made the representation that he was the person named on the flight coupon and that the coupon had not expired.

Second, that this representation was false.

Third, that the representation was calculated and intended to deceive.

And, fourth, that the defendant thereby attempted to obtain passage aboard Delta Airlines flight 267 from Delta Airlines, Inc.

So I charge you, members of the jury, that if you find from the evidence beyond a reasonable doubt that on or about the 28th day of April, 1986, that the defendant, Gilbert Roth, did present to a representative of Delta Airlines, Inc. one Eastern Airlines, Inc. flight coupon number 100772641430360, issued on April the 6th, 1984, with the name of the passenger listed as Ms. K. McKenna, *and that this representation was false* in that the defendant is not Ms.

K. McKenna, and that said flight coupon had expired one year from the date of its issuance, and that this representation was calculated and intended to deceive, and that Gilbert M. Roth thereby attempted to obtain passage aboard Delta Airlines flight 267 from Delta Airlines, Inc., it would be your duty to return a verdict of guilty of attempting to obtain property by false pretenses. However, if you do not so find, or if you have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty. [Emphasis added.]

When a court charges correctly at one point and incorrectly at another, a new trial is necessary because the jury may have acted upon the incorrect part. *State v. Harris*, 289 N.C. 275, 221 S.E. 2d 343 (1976).

Although the first part of the charge concerning the elements of the crime was correct, the trial court then mistakenly characterized the McKenna name on the coupon as a "representation." This characterization may have misled the jury in that the question before them was whether the tendering of the coupon bearing the McKenna name and the revalidation sticker was a representation that the coupon was valid. The charge was incorrect and defendant is entitled to a new trial.

[2] Defendant also contends that the trial court erred in admitting the F.B.I. agent's testimony concerning a search of defendant's home and "schemes" defendant engaged in involving the airline industry.

G.S. 8C-1, Rule 404(b) states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake, entrapment or accident.

We hold that the agent's testimony was properly admitted to show defendant's intent to deceive. The testimony also indicated that defendant was very familiar with the purchase and use of flight coupons and constituted evidence of the absence of any mistake on defendant's part in tendering the flight coupon. The

trial court did not err in admitting the agent's testimony under Rule 404(b).

New trial.

Judges BECTON and PARKER concur.