STATE OF NORTH CAROLINA v. DARRYL EUGENE HUNT

No. 8821SC381

(Filed 18 October 1988)

**Homicide §§ 26, 2.1— second degree murder—instruction on acting in concert— error**

    The trial court erred in a prosecution for a second degree murder which arose from a robbery by giving the jury an instruction which could have allowed a conviction for second degree murder based on the *mens rea* for robbery. *Mens rea* must be shown as to each defendant for crimes requiring a specific *mens rea*, even where defendant is charged on a theory of aiding and abetting or acting in concert; furthermore, North Carolina does not recognize second degree felony murder. Even though the final mandate in this case was correct, it cannot be certain that the correct statement of the law remedied the confusion caused by the faulty instruction.

APPEAL by defendant from *Helms, Judge*. Judgment entered 2 October 1987 in Superior Court, FORSYTH County. Heard in the Court of Appeals 13 September 1988.

On 19 May 1986, defendant was indicted for the 17 September 1983 murder of Arthur Wilson. Sammie Mitchell and Merritt Drayton were also indicted at that time for Wilson's murder. Drayton pled guilty to second degree murder and judgment was entered accordingly. Mitchell pled not guilty to his indictment, and was tried and found guilty of second degree murder.

Defendant entered a plea of not guilty. At trial the State proceeded on a second degree murder charge. Defendant was found guilty of second degree murder and sentenced to serve forty years in prison.

At trial there was testimony that Wilson's body was found at the 1700 block of Claremont Avenue at 2:30 a.m. 17 September 1983. The victim had a head wound which was determined by a pathologist to be the cause of death. Wilson's body was found not far from a drinkhouse which Wilson, Drayton, Mitchell and the defendant had been at earlier in the evening. Wilson had been buying drinks for others at the drinkhouse. When Mitchell asked Wilson to buy him a drink, Wilson refused. A witness testified that Mitchell then spoke to Hunt and Drayton saying "That's all right. We'll fix him. I'll get his money."

Three witnesses for the State testified concerning the attack on Wilson. All three witnesses had been at the drinkhouse drinking before the attack on Wilson. The first witness stated that she saw the victim, Mitchell, Drayton and defendant at the drinkhouse. She testified that Mitchell carried a stick which she identified as the murder weapon and that the defendant carried a knife. She testified that she saw Wilson leave the drinkhouse by the front door at about the same time that Mitchell, Drayton and defendant left by the back door. She left the drinkhouse in the same direction as that taken by Wilson. She saw Mitchell hit Wilson over the head with a stick and Hunt kick him. A second witness also testified that she saw Mitchell hit Wilson and Hunt kick him.

The third witness, Davis, stated that she left the drinkhouse with Drayton. They walked up Claremont until they came upon Wilson with Mitchell and defendant. Davis stated that she saw Mitchell knock Wilson down and kick him a couple of times. She did not see the defendant kick Wilson. Davis then asked Drayton to leave with her but he refused. She left Mitchell, Drayton and defendant standing over Wilson. She did not see a stick at the time. None of the three witnesses saw any of the other two witnesses on the street that night.

In its instructions to the jury the court stated that it could convict defendant of second degree murder if it found that defendant acted in concert with Sammie Mitchell "with a common purpose to commit robbery." Defendant's objection to this instruction was overruled.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Steven F. Bryant, for the State.*

*Ferguson, Stein, Watt, Wallas & Adkins, by Adam Stein and James E. Ferguson, II, for defendant appellant.*

ARNOLD, Judge.

As his first assignment of error defendant contends that the trial court erroneously instructed the jury that it could convict defendant of second degree murder if it found that he acted in concert with Mitchell "with a common purpose to commit robbery." We agree.

Defendant contends that this portion of the instructions constitute error:

> Now for a person to be guilty of a crime, it is not necessary that he himself do all the acts necessary to constitute the crime. If two or more persons act together with a common purpose to commit robbery, each of them is held responsible for the acts of the others done in the commission of the robbery.

Defendant correctly argues that a correct acting in concert instruction for second degree murder would read:

> For a person to be guilty of a crime it is not necessary that he himself do all of the acts necessary to constitute the crime. If two or more persons act together with a common purpose to commit *second degree murder*, each of them is held responsible for the acts of the others done in the commission of the *second degree murder*.

Pattern Jury Instructions, N.C.P.I.-Crim. 202.10 (emphasis added).

A conviction for second degree murder requires a finding that the defendant acted intentionally and with malice to kill the victim. *State v. Wilkerson*, 295 N.C. 559, 580, 247 S.E. 2d 905, 917 (1978). In *Wilkerson* the Court stated that second degree murder "does not exist in the absence of some intentional act sufficient to show malice and which proximately causes death." *Id.* We agree with defendant that the erroneous instruction given by the trial court could have allowed the defendant to be convicted of second degree murder based on the defendant's *mens rea* for robbery. *See State v. Reese*, 319 N.C. 110, 141-143, 353 S.E. 2d 352, 370-372 (1987). *Reese* unequivocally states that even where a defendant is charged on a theory of aiding and abetting or acting in concert "for crimes requiring a specific *mens rea*, that *mens rea* must be shown as to each defendant." *Id.* at 141 n.8, 353 S.E. 2d at 370.

Further, defendant correctly points out that North Carolina does not recognize an offense of second degree felony murder. *State v. Davis*, 305 N.C. 400, 422, 290 S.E. 2d 574, 588 (1982). The instruction fails because it may have led the jury to convict the defendant of second degree murder if they believed he intentionally participated in the robbery. Had the jury followed the rationale set out in the incorrect instruction, it could have wrongly

convicted the defendant based on what amounts to an instruction for second degree felony murder.

The State points out that the erroneous instructions quoted above by defendant were immediately followed by this final mandate:

> So, I charge that if you find from the evidence and beyond a reasonable doubt that on or about the alleged date, the defendant, acting either by himself or acting together with Sammy Mitchell, intentionally and with malice killed the victim with a deadly weapon, it would be your duty to return a verdict of guilty of second degree murder.

We cannot be certain that this correct statement of the law necessarily remedied the confusion caused by the faulty instruction. "When a court charges correctly at one point and incorrectly at another, a new trial is necessary because the jury may have acted upon the incorrect part." *State v. Roth*, 89 N.C. App. 511, 514, 366 S.E. 2d 486, 488 (1988), *citing State v. Harris*, 289 N.C. 275, 221 S.E. 2d 343 (1976). The charge was incorrect and defendant is entitled to a new trial.

In light of our holding it is unnecessary to review defendant's additional assignments of error.

New trial.

Chief Judge HEDRICK and Judge COZORT concur.